FILED

**NOT FOR PUBLICATION**

MAR 14 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30108 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00082-SEH |
| v. | |
| THOMAS MONTEY MONROE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted March 7, 2013[**]
Portland, Oregon

Before: CLIFTON, BEA, and TASHIMA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James C. Mahan, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

Thomas Monroe appeals his conviction for assault resulting in serious bodily injury. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      A rational jury could have convicted Monroe solely based on Running Wolf's testimony. Monroe did not testify, and it is the jury's role to weigh Running Wolf's credibility. *See United States v. Nevils*, 598 F.3d 1158, 1170 (9th Cir. 2010) (this court cannot "second-guess the jury's credibility assessments").

2.      Running Wolf's statement to her brother that Monroe had kicked her was relevant only to prove that she had been attacked by Monroe. It was not admissible as a prior consistent statement because she made it only *after* learning that Monroe was seeing other women, which gave rise to her alleged motive to fabricate. *See* Fed. R. Evid. 801(d)(1)(B); *Tome v. United States*, 513 U.S. 150, 167 (1995) (prior consistent statements must be made *before* the alleged motive to fabricate arose). Even so, admission of the hearsay statement was harmless because it was cumulative to Running Wolf's in-court testimony. *See Guam v. Ignacio*, 10 F.3d 608, 614 (9th Cir. 1993).

3.      Monroe's challenge to Dr. Wuchinich's expert testimony also fails. Even if the government erred by not satisfying its pretrial disclosure obligations under Fed. R. Crim. P. 16, Monroe "has not demonstrated how or why the verdict would have been different if he had been given notice" that the doctor would testify about the

likely cause of Running Wolf's injuries.  *See United States v. Figueroa-Lopez*, 125 F.3d 1241, 1247 (9th Cir. 1997).

4.      Finally, it is irrelevant whether the jury instructions Monroe offered were accurate statements of the law and adequately supported his defense theory.  The proper question is whether the *court's* instructions pass the test, which they do. *See United States v. Hicks*, 217 F.3d 1038, 1045 (9th Cir. 2000) ("The trial court has substantial latitude so long as its instructions fairly and adequately cover the issues presented.").


        **AFFIRMED.**